UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:18-CR-105-DBH |
| | ) | |
| KEITH PHILLIPS, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION FOR PRODUCTION OF A PRE-PLEA PRESENTENCE REPORT

The defendant has asked me to order the Probation Office to prepare a presentence report now, before he has decided whether to plead guilty or go to trial. He says that the government has made a formal plea offer and that he wants to "be more fully informed of the consequences of a plea in this matter." Def.'s Mot. at 1 (ECF No. 28). He asserts that often the Probation Office has "different and unforeseen views of how the facts of the alleged conduct apply to the offense level, adjustments, departures, or enhancements" that neither counsel for the Defendant nor the Government can predict, id. at 2, and that a presentence report prepared now will also help him assess his criminal history which "goes back at least 25 years," id. at 1. He says that as a 57-year-old, he may be confronting a prison sentence for the rest of his life, id. at 2. The government has opposed the request, id. at 3. See also Gov't Opp'n (ECF No. 30).

The preparation of presentence reports is governed by 18 U.S.C. § 3552 and Fed. R. Crim. P. 32. Presentence reports are ordinarily disclosed only after guilt is determined by plea or trial. See Rule 32(e)(1). Judge Saylor, in United States v. Alberti, 2007 WL 2908631 (D. Mass. 2007), has discussed the language and history of the Rule as it pertains to directing early preparation of a presentence report at a defendant's request, and I see no need to repeat what he has said. While there may be exceptional cases that justify ordering a pre-plea presentence report, like Judge Saylor I decline in this case to exercise any authority I might have to order one.

First, as a general matter it is not my role to facilitate plea negotiations between the defendant and the government. See Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions."). Second, this defendant's argument about the unpredictability of Probation's view of offense conduct is not unique to his case, but applies to almost any case; I am not about to establish a precedent that would lead to regular preparation of early presentence reports in many cases, unlike what the Rule contemplates. Third, while this defendant's criminal history may go back many years, Probation has already described in the Pretrial Services Report (ECF No. 13) the defendant's criminal record as compiled from the National Crime Information Center. Defense counsel can use that record, along with the defendant's own memory, to pursue more information (such as disposition or sentence in the various cases, which she says she needs) before deciding whether the defendant should plead.

Unlike Judge Saylor, I therefore decline to order even the early preparation of a criminal history.[1]

The defendant's motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 7TH DAY OF NOVEMBER, 2018**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I also don't have a consent in writing from the defendant, a requirement of Rule 32(e)(1). But that consent would not change the outcome, for the reasons described in the text.